IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION

FILED
FT. SMITH DIST.
2017 JAN -9 A 8: 29
Patty Henderson
CLERK SEB. CO.

JOHN SMITH                                              PLAINTIFF

VS.        CASE NO. CV-17-0010

DOLGENCORP, LLC                                         DEFENDANTS
& JOHN DOES I-X

## COMPLAINT

Comes now the Plaintiff, John Smith, and for this Complaint and cause of action against Defendant, DOLGENCORP, LLC, does state and allege as follows:

1. That the Plaintiff, John Smith, was at all times material hereto, a citizen and resident of Fort Smith, Sebastian County, Arkansas, and was a resident of same at the time of the act and events herein complained.

2. That the Defendant, DOLGENCORP, LLC, is, and was at all times relevant to this case, a nationwide discount retailer registered in this state under the fictitious name "Dollar General" and doing business in the State of Arkansas.

3. That the Defendant's agent for service of process is the Corporation Service Company, located at 300 Spring Building, Suite 900, 300 S. Spring St., Little Rock, AR 72201.

4. That the Defendant, DOLGENCORP, LLC, is doing business as "Dollar General" and shall be hereinafter referred to as such.

**EXHIBIT A**

5. That the Defendant, Dollar General operates Dollar General Store Number 2632, located at 4101 Towson Avenue, Fort Smith, AR 72901 and at all times relevant to this case was operating this store at this location.

6. This is an action for personal injuries and damages as a result of an injury on the premises of Dollar General Store Number 2632 that occurred on or about September 1, 2016, at approximately 2:00 p.m. Therefore, venue and jurisdiction are proper in this County and District pursuant to ARK. CODE ANN. § 16-60-101 and ARK. CODE ANN. § 16-13-201.

7. Further, John Does I-X identified in Plaintiff's Complaint include other responsible parties and the other possible agents of Dollar General at the time of the subject incident. The identity of these John Doe Defendants, despite Plaintiff's best information, is unknown at this time.

8. Attached as "Exhibit #1," is an affidavit as required by ARK. CODE ANN. § 16-56-125 regarding the identities and whereabouts of Jane and John Does I-X.

9. That, on September 1, 2016, the Plaintiff, John Smith, arrived at Dollar General Store Number 2632, located at 4101 Towson Avenue, Fort Smith, AR 72901, during regular business hours, to purchase several household items.

10. That the Plaintiff, John Smith, fell on the premises due to a dangerous condition created by the placement of a rug, where no caution signs were in place, which caused injury to his person and causing damages as set forth herein.

### COUNT I – NEGLIGENCE
### FAILURE TO MAINTAIN THE PREMISES

11. Plaintiff re-adopts and re-alleges paragraphs 1 through 10 as if fully set forth herein.

12. That the Defendants were negligent in the following particulars, to-wit:

    a. Defendants had a duty to the Plaintiff to use ordinary care to maintain the premises in a reasonably safe condition;

    b. Defendants breached this duty to Plaintiffs by failing to maintain the premises in a reasonably safe condition, and;

        a. that the position of the rug on which John Smith tripped was the result of the Defendants' negligence, or

        b. that the rug on which John Smith tripped had been positioned in that manner for such a length of time that the Defendants knew, or reasonably should have known, of its presence and failed to use ordinary care to remove it.

    c. As a direct and proximate result of the Defendants' failure to use ordinary care to maintain the premises in a reasonably safe condition, Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

### COUNT II – NEGLIGENCE
### FAILURE TO WARN

13. Plaintiff re-adopts and re-alleges paragraphs 1 through 12 as if fully set forth herein.

14. That the Defendants were negligent in the following particulars, to-wit:

    d. Defendants had a duty to the Plaintiff to use ordinary care to maintain the premises in a reasonably safe condition;

    e. Defendants breached this duty to Plaintiffs by failing to maintain the premises in a reasonably safe condition, and;

        a. that the rug on which John Smith tripped had been positioned in that manner for such a length of time that the Defendants knew, or reasonably should have known, of its presence and failed to warn the Plaintiff of its dangerous condition.

 f. As a direct and proximate result of Defendants' failure to warn the Plaintiff of the dangerous condition on the premises, Plaintiff sustained damages as set forth herein for an amount to be proven at trial.

## COUNT III - NEGLIGENT SUPERVISION

15. Plaintiff re-adopts and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. That the Defendants, Dollar General & John Does I-X, and their agents were negligent in failing to properly supervise their agent(s), in the following particulars, to wit:

 a. Failing to properly supervise their agent(s);

 b. Defendants knew or should have known with the exercise of reasonable care that the agent(s), was/were unfit or unqualified to maintain the premises in a reasonably safe condition;

 c. Failed to supervise the job performance of the agent(s);

 d. Failed to ensure the agent(s) maintained the premises in a reasonably safe condition.

17. That the negligence of the Defendants, Dollar General & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff set forth herein for an amount to be proven at trial.

## COUNT IV - NEGLIGENT TRAINING

18. Plaintiffs re-adopt and re-allege paragraphs 1 through 17 as if fully set forth herein.

19. That the Defendants, Dollar General & John Does I-X, and their agents, were negligent in failing to properly train their agent(s) in the following particulars to wit:

 a. Failing to properly train the agent(s) in the proper operations, safety training, and any and all other basic training necessities that a properly qualified person that obtains the position of maintaining the premises in a reasonably safe condition should have;

b. Failing to prevent agent(s) from allowing the premises to fall into a less than reasonably safe condition.

20. That the negligence of the Defendants, Dollar General & John Does I-X, and their agents, was a direct and proximate cause of the damages suffered by the Plaintiff set forth herein for an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

21. Plaintiff re-adopts and re-alleges paragraphs 1 through 20 as if fully set forth herein.

22. That the Plaintiff demands a jury trial.

23. That the Plaintiff reserves the right to amend this Petition, including the addition or deletion of claims and parties as warranted by discovery.

## DAMAGES

24. Plaintiff re-adopts and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff seeks compensatory damages, attorney's fees, costs, pre-judgment interest, post-judgment interest, punitive damages, and all other relief to which he may be entitled.

26. Plaintiff, John Smith, seeks reasonable compensation for the following:

    a. Damages to the nature, extent, and duration of any injury.

    b. Damages to the extent of the permanency of John Smith's injuries.

    c. John Smith's physical pain and suffering, past and future.

    d. John Smith's mental pain and suffering, past and future.

    e. Damages to compensate John Smith for any physical impairment as a result of this accident.

    f. Damages to compensate John Smith for any disfigurement as a result of this accident.

g. John Smith's loss of earnings, past and future.

h. John Smith's loss of time, past and future.

i. Impairment of John Smith's earning capacity.

j. Damages for any aggravation of a pre-existing condition or disability suffered by John Smith.

k. The reasonable expenses of John Smith's necessary medical care, treatment, and services, past and future.

l. Court costs.

m. Attorney's fees.

n. Punitive damages as a result of the Defendants', Dollar General & John Does I-X, and their agents' failure to warn or make safe the position of the rug on Dollar General's premises that constituted a reckless disregard of the Plaintiffs' rights, due to the fact that the Defendants, Dollar General & John Does I-X, and their agents knew or ought to have known, in light of the surrounding circumstances, that the failure to warn or make safe the position of the rug would naturally and probably result in injury and they continued such conduct in reckless disregard of the consequences.

27. As a result of the Defendants', Dollar General & John Does I-X, and their agents', failure to maintain the premises in a reasonably safe condition, the Plaintiff is entitled to reasonable compensation for the Plaintiff's personal injuries, entitled to recover medical expenses incurred in the past and reasonably certain to be incurred in the future, entitled to recover for his pain, suffering and mental anguish, both past and future, and are entitled to recover for his loss of earnings and profits, both past and future, and for any

scars and disfigurement, or visible result of injury, past and future wage loss, and past and future loss of earning capacity, costs, attorney's fees, and punitive damages, all as the evidence may show at trial.

WHEREFORE, Plaintiff prays that he have and recover, of and from the Defendants, damages in the amount as shown by the evidence; for costs; for attorney's fees; and for any and all other just and proper relief to which the Plaintiff may be entitled.

Respectfully submitted on behalf of,

John Smith,

Plaintiff

BY: *Brinkley Cook-Campbell*
Brinkley Cook-Campbell
ABN: 2015236
OBN: 32901
The Law Offices of Craig L. Cook
Attorney at Law
319 North 8th Street
Fort Smith, AR 72901
Phone No. (479)783-8000
Fax No. (479)783-8002


Craig L. Cook
ABN: 91085
OBN: 015744
The Law Offices of Craig L. Cook
Attorney at Law
319 North 8th Street
Fort Smith, AR 72901
Phone No. (479)783-8000
Fax No. (479)783-8002

## VERIFICATION

I, John Smith, state upon oath that the statements contained in the above and foregoing Complaint are true and correct to the best of my knowledge and belief.

_____
John Smith, Plaintiff

## ACKNOWLEDGEMENT

STATE OF Arkansas     )
                      )
COUNTY OF Sebastian   )

On this the 8th day of ~~November~~ December, 2016, before me, the undersigned officer, personally appeared John Smith, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

KELSEY RAE SEITER
Arkansas - Sebastian County
Notary Public - Comm. # 12696522
My Commission Expires Dec 3, 2025

_____
Notary Public

Page 8 of 8

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION

JOHN SMITH     PLAINTIFF

VS.     CASE NO. CV-17-0010

DOLGENCORP, LLC     DEFENDANTS
& JOHN DOES I-X

## SUMMONS

THE STATE OF ARKANSAS TO DEFENDANT:

DOLGENCORP, LLC
AGENT FOR SERVICE OF PROCESS:
CORPORATION SERVICE COMPANY

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Brinkley Cook-Campbell
Craig L. Cook
Law Offices of Craig L. Cook
319 N. 8th St.
Fort Smith, Arkansas 72901

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Address of Clerk's Office
Sebastian County Circuit Clerk
901 S. B Street, Room 205
Fort Smith, AR 72901

[SEAL]

**DENORA COOMER**
CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

Date:  JAN 0 9 2017

IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
FORT SMITH DISTRICT, CIVIL DIVISION

FILED
FT. SMITH DIST.

JOHN SMITH                                                              PLAINTIFF

VS.                          CASE NO. CV-17-0010

DOLGENCORP, LLC                                                         DEFENDANTS
& JOHN DOES I-X

## AFFIDAVIT

Comes now the Affiant pursuant to ARK. CODE ANN. § 16-56-125 and for his affidavit doth state, under oath, as follows:

That several of the possible defendants are unknown, which will be designated as John Doe I, John Doe II, John Doe III, etc., which is necessary for the tolling of the Statute of Limitations; that should the tortfeasor(s) become known, that the Complaint will be amended to re-substitute the real name for the pseudo-name.

FURTHER THE AFFIANT SAYETH NOT.

BY: *Brinkley Cook-Campbell*
Brinkley Cook-Campbell
ABN: 2015236
OBN: 32901
The Law Offices of Craig L. Cook
Attorney at Law
319 North 8th Street
Fort Smith, AR 72901
Phone No. (479)783-8000
Fax No. (479)783-8002

STATE OF ARKANSAS        )

COUNTY OF SEBASTIAN      )

On this the 8th day of November, December 2016, before me, the undersigned officer, personally appeared Brinkley Cook-Campbell, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

KELSEY RAE SEITER
Arkansas - Sebastian County
Notary Public - Comm. # 12696522
My Commission Expires Dec 3, 2025

_Kelsey Rae Seiter_
Notary Public