IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOHN SMITH                                                                                       PLAINTIFF

v.                                       No. 2:17-CV-02019

DOLGENCORP, LLC; and
JOHN DOES 1 – X                                                                              DEFENDANTS

## ORDER TO SUPPLEMENT

The Court, having preliminarily reviewed the pleadings in this case, now directs Defendants to supplement their jurisdictional allegations to address the Court's concerns listed below. Subject matter jurisdiction and the issue of this Court's authority to hear an action may be raised at any time. Fed. R. Civ. P. 12(h)(3). The Court finds it to be most prudent and efficient to address any jurisdictional concerns at the outset of the case to avoid any surprises after the parties and the Court have expended time and resources in litigation. *See, e.g.*, *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (chastising district court for incorrectly and "summarily announc[ing]" that diversity of citizenship existed based on flawed jurisdictional allegations by the parties); *Belleville Catering Co. v. Champaign Market Place L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003) (lamenting that "[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money," noting that failure to ensure jurisdiction exists "has the potential, realized here, to waste time (including that of put-upon jurors) and run up legal fees", remanding, and directing counsel for parties invoking jurisdiction to perform remaining legal services without charging additional fees to clients).

The Court has identified the following issue with the jurisdictional allegations in this case. The notice of removal does not sufficiently allege the citizenship of Defendant Dolgencorp, LLC. The notice of removal states that "Dolgencorp is a Kentucky limited liability company with its

1

principal place of business in Tennessee. Diversity is therefore not disputed." (Doc. 1, ¶ 4). This is insufficient to properly plead the citizenship of a Defendant for purposes of determining whether this Court can exercise diversity jurisdiction.

In order to properly plead the citizenship of an LLC or other unincorporated entity for diversity purposes, a party must plead the state or states of citizenship of each member. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Furthermore, citizenship of such entities must be traced "down the various organizational layers where necessary." *See Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 (5th Cir. 2009); *see also OnePoint Solutions*, 486 F.3d at 346 (in analyzing diversity jurisdiction, identifying the citizenship of each of the individual corporate members of the LLC). Citizenship of the members should be pleaded with specificity and not in a conclusory fashion. *See, e.g.*, *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 63-64 (9th Cir. 2011) (unpublished) (ordering district court to vacate all orders and remand to state court after raising jurisdictional deficiencies *sua sponte* on appeal, and finding that an allegation stating that no member of an LLC "is an Oregon citizen" without identifying actual state(s) of citizenship or whether members are composed of another layer of business entities is insufficient to establish complete diversity); *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568-69 (11th Cir. 1984) (rejecting allegation of citizenship in the negative and remanding case for removing party to "amend its removal petition to state unequivocally" that diversity jurisdiction existed).

Absent an alternative basis for jurisdiction, Dolgencorp, LLC must properly establish that complete diversity exists among the parties as set forth above. Congress has provided that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Court therefore directs Dolgencorp, LLC to supplement its

jurisdictional allegations by filing a response to this order, <u>by Friday, February 10, 2017</u>, fully addressing the concerns listed above.  Dolgencorp, LLC is advised that jurisdictional allegations should be alleged <u>as of the time of removal and at the time the case was commenced in state court</u>. *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) (Remanding case that had been tried to a jury, for determination of whether jurisdiction existed, holding that "[f]or a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court.").

      Dolgencorp, LLC is further advised that failure to substantiate that this Court can appropriately exercise jurisdiction **will result in remand of this action to state court for lack of subject matter jurisdiction**.

      IT IS SO ORDERED this 3rd day of February, 2017.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE